(No. 4075—

THE TEXAS CO., A DELAWARE CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1948.*

PAUL F. SCHLICHER, Attorney for Claimant.

GEORGE F. BARRETT, Attorney General, and C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DAMRON, J.

During the period from January 27, 1947, to June 30, 1947, the Department of Public Works and Buildings of the State of Illinois, Division of Highways, purchased and received under purchase order No. E-36337 various amounts of gasoline, motor oils, transmission, gear, and grease lubricants from the claimant, the Texas Company, a Delaware corporation. A total of forty-four invoices were presented to the various departments and divisions who purchased the various items, which amounted to $118.73.

It is stipulated by and between the parties hereto that the report of the Department of Public Works and Buildings, Division of Highways, dated April 30, 1948 shall constitute the record in this case.

The report admits that the allegations of the complaint are correct; that the gasoline, motor oil, transmission, gear, and grease lubricants were purchased by

and for the various divisions mentioned in said report; that the merchandise was received by the various departments and that all purchases shown in claimant's bill of particulars were made and delivered but not invoiced; that the gross value of the purchases is as represented by claimant; that verification has been made that the purchases were by various employees of departments and divisions; that the materials were for and used in the State owned equipment and that the quantities and prices were correct and otherwise in conformity with the purchase order and contract; that the appropriations were in existence and unexpended balance remained in them through September 30, 1947, for the payments of claimant's invoices if they had been presented for payment before the last mentioned date at which time the appropriation lapsed.

We find from this record that claimant has furnished supplies for the respondent, the purchase of which was properly and duly authorized; claimant submitted its invoices to the respondent within a reasonable time and has not received payment; such non-payment is due to no fault on the part of the claimant; when the charges were incurred there remained a sufficient unexpected balance in the appropriation from which payment could have been made. Claimant is, therefore, entitled to an award.

*The National Refining Co., A Corporation,* vs. *State of Illinois,* 14 C.C.R. 127.

An award is therefore entered in favor of the claimant in the sum of One Hundred Eighteen Dollars and Seventy-three Cents ($118.73).